UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-14313-BLOOM

REGINALD ANDREW PAULK,

    Plaintiff,

v.

FLORIDA DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon Plaintiff Reginald Andrew Paulk's Complaint Under the Civil Rights Act, 42 U.S.C. § 1983, ECF No. [1], filed on October 9, 2023.[1] After reviewing Plaintiff's litigation history, the Court concludes that Plaintiff is a "three-striker" under 28 U.S.C. § 1915(g); thus, the Court dismisses the Complaint without prejudice due to Plaintiff's failure to prepay the entire filing fee when he initiated the instant action.

* * *

The Prison Litigation Reform Act states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see Kingsley v. Hendrickson*, 576 U.S. 389, 402 (2015) ("[T]he [PLRA] . . .

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted).

applies to both pretrial detainees and convicted prisoners."). Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (citation omitted). The proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status, but is barred by the three-strikes provision, is to dismiss the complaint without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). A three-striker cannot pay the filing fee after initiating suit as a retroactive cure. *See id.*

A review of Plaintiff's litigation history reveals he is a prolific *pro se* filer. The Court takes judicial notice of the following "strikes" under Federal Rule of Evidence 201:

1. *Paulk v. Bradshaw*, No. 22-cv-80421-BB, ECF No. [9] at 5, (S.D. Fla. Apr. 14, 2022) (dismissing Plaintiff's § 1983 complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief could granted);

2. *Paulk v. Benson*, No. 22-cv-80126-RAR, ECF No. [14] at 14, (S.D. Fla. Apr. 27, 2022) (dismissing Plaintiff's § 1983 complaint under 28 U.S.C. § 1915A for failing to state a claim upon which relief could granted);

3. *Paulk v. Wellpath Health Servs.*, No. 22-cv-81903-RNS, ECF No. [4] at 1, (S.D. Fla. Dec. 9, 2022) (dismissing Plaintiff's § 1983 complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief could granted).

Because Plaintiff has had three or more prior qualifying dismissals, the Complaint is subject to dismissal under 28 U.S.C. § 1915(g). *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). ("After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." (citing 28 U.S.C. § 1915(g))).

The only way Plaintiff can circumvent the dismissal requirement of 28 U.S.C. § 1915(g) is to allege facts establishing that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Vague and conclusory allegations of being in imminent danger of serious physical injury "do not satisfy the dictates of § 1915(g)." *Skillern v. Paul*, 202 F. App'x 343, 344 (11th Cir. 2006). Further, a prisoner must be under imminent danger of serious physical injury "at the time he filed

2

his complaint[]." *Smith v. Clemons*, 465 F. App'x 835, 836 (11th Cir. 2012) (citation omitted).

"[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (citation omitted). Nowhere in the Complaint does plaintiff allege that he is "in imminent danger of serious physical injury[.]" 28 U.S.C. § 1915(g); (*see generally* ECF No. 1). As such, the Complaint is properly dismissed under the three-strikes provision of 28 U.S.C. § 1915(g).[2]

Accordingly, it **is ORDERED AND ADJUDGED** that the Complaint, **ECF No. [1]**, is **DISMISSED without prejudice**. All pending motions are **DENIED as moot**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 13, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Reginald Andrew Paulk, *PRO SE*
600419
Okeechobee Correctional Institution

---

[2] Even if Plaintiff was not a three-striker under § 1915(g), the Complaint would still be dismissed as a shotgun pleading. There are four types of shotgun pleadings that violate Federal Rule of Civil Procedure 8(a), Federal Rule of Civil Procedure 10(b), or both. "The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015) (footnote call number omitted). The Complaint falls in this category of shotgun pleadings because, in the first count of the Complaint, Plaintiff "incorporates by reference" the allegations made elsewhere in the Complaint. (ECF No. [1] at 24). Thus, Plaintiff's failure to comply with the Federal Rules of Civil Procedure provides the Court with an independent ground for dismissal. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Case No. 23-cv-14313-BLOOM

Inmate Mail/Parcels
3420 NE 168th Street
Okeechobee, Florida 34972